KAPLAN COTTNER
KORY L. KAPLAN
Nevada Bar No. 13164
Email: kory@kaplancottner.com
KYLE P. COTTNER
Nevada Bar No. 12722
Email: kyle@kaplancottner.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Telephone: (702) 381-8888
Facsimile: (702) 832-5559
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARGERY HORAN,<br><br>          Plaintiff,<br><br>vs.<br><br>REPUBLIC SILVER STATE DISPOSAL, INC. d/b/a REPUBLIC SERVICES OF SOUTHERN NEVADA, a Nevada corporation; DOES I-X and ROE ENTITIES I-X, inclusive,<br><br>          Defendants. | CASE NO.<br>DEPT.<br><br>**COMPLAINT**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff Margery Horan ("Ms. Horan"), by and through her counsel, the law firm of Kaplan Cottner, for her Complaint against Defendants Republic Silver State Disposal, Inc. d/b/a Republic Services of Southern Nevada, a Nevada corporation ("Republic Services"); Does I-X and Roe Entities I-X, inclusive (collectively "Defendants"), alleges as follows:

**I.**

**JURISDICTION AND VENUE**

1.  This is a civil complaint brought in United States District Court under Federal and State statutes prohibiting discrimination in order to secure protection and redress deprivation of rights under these laws.

2.  This Complaint is brought under Title VII of the Civil Rights Act of 1964 ("Title

1

VII"), as amended, 42 U.S.C. 2000e-2 *et. seq*. The jurisdiction of this Court is invoked under 28 U.S.C. 1331.

3. This action also includes claims arising out of Nevada anti-discrimination statutes, Nevada Revised Statutes ("NRS") 613.310 *et. seq.*, which are joined pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. 1367(a). Ms. Horan asserts that she was treated disparately and subjected to a hostile work environment and retaliation due to her age and gender, which is strictly prohibited under Title VII.

4. Jurisdiction in this case is also proper pursuant to NRS 14.065.

5. This Court has jurisdiction over Ms. Horan's state law claims pursuant to 28 U.S.C. 1367(a).

6. As Ms. Horan's employer, during the relevant time period, Republic Services did business regularly and systematically in Clark County, Nevada, the conduct at issue occurred in whole or in part in Clark County, Nevada, and Republic Services engaged in an industry affecting commerce. Thus, pursuant to 28 U.S.C. 1391(b)(1), 28 U.S.C. 1391(b)(2), 28 U.S.C. 1391(c)(1) and 28 U.S.C. 1391(c)(2), venue is proper in the United States District Court for the District of Nevada.

7. Ms. Horan filed her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about December 23, 2019 and received a copy of her "Notice of Suit Rights" (for EEOC Charge No. 487-2020-00476) on or about August 10, 2020. Ms. Horan is in fulfillment of all jurisdictional requirements for the filing of this lawsuit, including filing of this lawsuit within ninety (90) days of her receipt of the Notice of Suit Rights.

8. Ms. Horan hereby demands a trial of her action by jury.

## II.

## **THE PARTIES**

9. Ms. Horan is, and at all times relevant times herein was, a citizen of the United States of America and a resident of the State of Nevada.

10. Defendant Republic Services is, and at all times relevant hereto was, an "employer" within the meaning of Title VII, as amended, 42 U.S.C. 2000e. Republic Services is licensed to

do business in Clark County, Nevada and the unlawful employment practices stated herein were committed within the State of Nevada.

11. As an employer in the State of Nevada, Republic Services was required to comply with all Federal and State statutes, which prohibit harassment, discrimination, and retaliation based upon an individual's age, gender, or the filing of an EEOC charge.

12. Defendants designated herein as Does and Roe Entities are individuals and legal entities that are liable to Ms. Horan for the claims set forth herein, including, but not limited to, possible alter egos or successors-in-interest of the Defendant. Certain transactions, and the true capacities of Does and Roe Entities, are presently unknown to Ms. Horan and, therefore, Ms. Horan sues said Defendants by such fictitious names. Ms. Horan will amend this Complaint to assert the true names and capacities of such Doe and Roe Entities when more information has been ascertained.

13. At all times relevant herein, Ms. Horan was employed by Republic Services, which operates in Clark County, Nevada.

### III.
### GENERAL ALLEGATIONS

14. Ms. Horan repeats, re-alleges and incorporates the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

15. Ms. Horan is a woman and over forty (40) years old.

16. On or about August 7, 2018, Ms. Horan began her employment with Republic Services as an office supervisor, responsible for overseeing approximately twenty (20) people, including drivers, dispatchers, and office staff.

17. Part of Ms. Horan's job duties required her to directly work with her office manager and the general manager.

18. On or about January 30, 2019, Ms. Horan complained to the Human Resources department of Republic Services regarding sexual harassment and discrimination she experienced from the former general manager of Republic Services, including but not limited to the former

general manager: (1) repeatedly making comments about Ms. Horan's sweater or lack of sweater in reference to a video he had showed the office with women lifting up their sweaters and exposing their breasts; (2) asking Ms. Horan if she told the office that they had "pee'd together"; (3) showing Ms. Horan articles on his phone about how men live longer if they have active sex; (4) making comments about former employees' personal sex lives; and (5) showing Ms. Horan a video of a woman getting a bullseye tattoo on her anus.

19.  Despite the courage Ms. Horan mustered up to complain about the former general manager's actions, Republic Services did not remedy the hostile work environment.

20.  Even though Republic Services eventually terminated the former general manager, the new general manager, Tony Cincotta ("Mr. Cincotta"), continued to discriminate against Ms. Horan.

21.  Upon information and belief, Mr. Cincotta inquired into firing Ms. Horan with her direct manager immediately upon his employment as the new general manager due to her complaint, her age, and her gender.

22.  Ms. Horan's direct manager consistently told Ms. Horan that she was performing her job duties at a superior level and had great relationships with her office staff.

23.  Mr. Cincotta refused to ever speak to Ms. Horan directly and ignored her daily, even though he consistently interacted with all other similarly situated employees, including but not limited to younger employees and male employees.

24.  Part of Ms. Horan's job duties included interacting with Mr. Cincotta directly, but he refused to speak to her.

25.  On or about November 11, 2019, Mr. Cincotta directed Ms. Horan's direct manager to change her work hours from 8 a.m. – 4 p.m. to 2 p.m. – 10 p.m. in a clear attempt to force Ms. Horan to resign.

26.  Ms. Horan inquired about the hour change and nevertheless agreed to work at the new schedule for two (2) days per week because her lead was not working on those days.

27.  Ms. Horan began at those hours the next week, and immediately thereafter on or about November 22, 2019, Ms. Horan was required to meet with Human Resources and her

4

operations manager regarding a "Performance Improvement Plan" ("PIP").

28. Mr. Cincotta directed Ms. Horan's direct manager to put her on the PIP without any basis and that Mr. Cincotta did not want his name associated with the PIP in an attempt to conceal his motives and directives to terminate Ms. Horan or force her to resign.

29. Ms. Horan advised Human Resources that Mr. Cincotta was attempting to fabricate a reason for her termination since she refused to voluntarily resign.

30. Ms. Horan was advised that she had one (1) week to respond with an action plan addressing all of the points in the PIP.

31. Ms. Horan responded with her action plan the next day on Friday, November 23, 2019.

32. Less than a month later, Republic Services retracted the PIP.

33. On December 13, 2019, Ms. Horan met with her operations manager, who informed her that Mr. Cincotta had sent her evaluation back and forth with Human Resources a total of four (4) times, evidencing his attempt to fabricate a case against her and Human Resources' attempt to defend a likely forthcoming complaint.

34. Mr. Cincotta had wanted Ms. Horan's operations manager to add the PIP to Ms. Horan's evaluation, but Human Resources required that he pull the language as it did not justify the PIP.

35. Ms. Horan was informed on December 20, 2019 that Republic Services was still attempting to craft the correct language for her evaluation even though it is customary that the operations managers conduct the PIP.

36. On or about December 23, 2019, Ms. Horan filed her Charge of Discrimination with the EEOC.

37. On or about January 15, 2020, as a result of Ms. Horan filing her Charge of Discrimination, Republic Services wrongfully terminated Ms. Horan's employment.

38. The fabricated reasoning for Ms. Horan's discharge was that she allegedly edited a time card for an employee. That was her job. The editing of the time card dealt with the Thanksgiving holiday as there was a question over whether or not the employee would have to

5

work a full day because of the new union contract. Ms. Horan requested clarification from her supervisors and Human Resources, but nobody knew the answer. As a result, Ms. Horan edited the time card in her discretion knowing that there are payroll adjustment forms to change that when the time to pay occurred. Ms. Horan sought clarification, and when she did not receive it, she erred on the side of caution, which is not a terminable offense.

39. During Ms. Horan's employment, Republic Services also promoted Maria Hernandez, an employee under 40, to the same position and title as Ms. Horan. Republic Services paid Ms. Hernandez approximately $8,000 more per year than Ms. Horan.

40. Republic Services also gave benefits and services to other younger employees and male employees that were denied to Ms. Horan, such as televisions in their offices.

41. Republic Services and its employees and/or agents subjected Ms. Horan to disparate treatment based upon her age, gender, and in retaliation for her lawfully protected complaints.

42. Ms. Horan was subjected to disparate treatment by Republic Services resulting in Ms. Horan's severe humiliation and emotional distress and denying Ms. Horan the same rights and privileges of other employees due to her age, gender, and in retaliation for her lawfully protected complaints.

43. Ms. Horan believes that her disparate treatment is due to her age, gender, and in retaliation for her lawfully protected complaints, in violation of Title VII.

## IV.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Sex-Based Discrimination)

44. Ms. Horan repeats, re-alleges and incorporates the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

45. Section 703 of Title VII, 42 U.S.C. § 2000e-2, prohibits employment practices that discriminate against persons on the basis of their sex.

46. Republic Services knew or should have known of its obligation, pursuant to Federal

and State statutes, to maintain a work place free of sexual discrimination.

47. Republic Services failed to take reasonably adequate steps to prevent discrimination based upon sex in the workplace in the State of Nevada.

48. Republic Services subjected Ms. Horan to disparate treatment and a hostile work environment by denying Ms. Horan the same rights and privileges of other employees due to her sex.

49. Republic Services, acting through and with its employees, discriminated illegally against Ms. Horan.

50. Ms. Horan charges that Republic Services has discriminated against her based upon her sex in that she was subjected to intentional acts, procedures, and remarks that were not directed to other similarly situated employees.

51. As a direct and proximate result of Republic Services' unlawful conduct, Ms. Horan suffered damages and is entitled to compensation for loss of enjoyment of life, mental and emotional pain and suffering, economic loss and other related costs which with reasonable probability will be experienced and/or required in the future, in excess of $75,000.00.

52. The acts, conduct, and behavior of Republic Services were performed knowingly and intentionally and were malicious, oppressive and in reckless disregard of Ms. Horan's rights, entitling her to punitive damages in an amount in excess of $75,000.00.

53. As a direct and proximate result of Republic Services' actions, Ms. Horan has been required to retain the services of an attorney to prosecute this claim and is entitled to be compensated for any costs incurred in the prosecution of this action, including without limitation, any and all costs and attorney's fees.

## SECOND CLAIM FOR RELIEF
### (Age-Based Discrimination)

54. Ms. Horan repeats, re-alleges and incorporates the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

55. 29 U.S.C. § 623 prohibits employment practices that discriminate against persons on the basis of their age.

56. Republic Services knew or should have known of its obligation, pursuant to Federal and State statutes, to maintain a work place free of age discrimination.

57. Republic Services failed to take reasonably adequate steps to prevent discrimination based upon age in its workplace in the State of Nevada.

58. Republic Services subjected Ms. Horan to disparate treatment and a hostile work environment denying her the same rights and privileges of other employees due to her age.

59. Republic Services' remarks and actions were intended to humiliate and intimidate Ms. Horan.

60. Republic Services further exemplified its age discrimination by granting rights and privileges to younger employees yet denying Ms. Horan the same.

61. Republic Services, acting through and with its employees, discriminated illegally against Ms. Horan.

62. Ms. Horan charges that Republic Services has discriminated against her based upon her age in that she was subjected to intentional acts, procedures, and remarks that were not directed to other similarly situated employees.

63. As a direct and proximate result of Republic Services' unlawful conduct, Ms. Horan suffered damages and is entitled to compensation for loss of enjoyment of life, mental and emotional pain and suffering, economic loss and other related costs which with reasonable probability will be experienced and/or required in the future, in excess of $75,000.00.

64. The acts, conduct, and behavior of Republic Services were performed knowingly and intentionally and were malicious, oppressive and in reckless disregard of Ms. Horan's rights, entitling her to punitive damages in an amount in excess of $75,000.00.

65. As a direct and proximate result of Republic Services' actions, Ms. Horan has been required to retain the services of an attorney to prosecute this claim and is entitled to be compensated for any costs incurred in the prosecution of this action, including without limitation, any and all costs and attorney's fees.

. . .

. . .

### THIRD CLAIM FOR RELIEF
### (Wrongful Termination)

66. Ms. Horan repeats, re-alleges and incorporates the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

67. Republic Services has engaged in discriminatory, retaliatory, and wrongful acts based upon Ms. Horan's age, gender, and in retaliation for her lawfully protected complaints, including but not limited to her EEOC charge.

68. Ms. Horan expressed her concern about the disparate treatment, harassing conduct, and her ability to receive the same treatment of similarly situated employees.

69. After receiving notice of Ms. Horan's complaints, Republic Services engaged in discriminatory and retaliatory conduct.

70. These discriminatory and retaliatory acts violate the public policy of the State of Nevada.

71. As a direct and proximate result of Republic Services' unlawful conduct, Ms. Horan has been damaged in an amount to be proven at trial in excess of $75,000.00, plus pre- and post-judgment interest.

72. The acts, conduct, and behavior of Republic Services were performed knowingly and intentionally and were malicious, oppressive and in reckless disregard of Ms. Horan's rights, entitling her to punitive damages in an amount in excess of $75,000.00.

73. As a direct and proximate result of Republic Services' actions, Ms. Horan has been required to retain the services of an attorney to prosecute this claim and is entitled to be compensated for any costs incurred in the prosecution of this action, including without limitation, any and all costs and attorney's fees.

### FOURTH CLAIM FOR RELIEF
### (Discrimination pursuant to NRS 613.330, *et. seq.*)

74. Ms. Horan repeats and realleges the preceding and subsequent allegations of this Complaint and incorporates the same herein as if set forth in full.

75. The discrimination and retaliatory actions by Republic Services due to Ms. Horan's age, gender, and in retaliation for her lawfully protected complaints constitute unlawful

9

discriminatory employment practices under the Nevada Equal Employment Opportunity Act – NRS 613.310 *et. seq*.

76. Ms. Horan suffered severe and extreme emotional distress as the direct and proximate result of Republic Services' conduct in an amount to be proven at trial in excess of $75,000.00, plus pre- and post-judgment interest.

77. The acts, conduct, and behavior of Republic Services were performed knowingly and intentionally and were malicious, oppressive and in reckless disregard of Ms. Horan's rights, entitling her to punitive damages in an amount in excess of $75,000.00.

78. As a direct and proximate result of Republic Services' actions, Ms. Horan has been required to retain the services of an attorney to prosecute this claim and is entitled to be compensated for any costs incurred in the prosecution.

## V.

## **PRAYER FOR RELIEF**

WHEREFORE, based upon the foregoing, Ms. Horan respectfully requests that judgment be entered in her favor and against each of the Defendants as follows:

1. For actual and compensatory damages in excess of $75,000.00, together with interest, penalties, and costs;

2. For an award of exemplary and punitive damages, in an amount in excess of $75,000.00, with a specific amount to be proven at the time of trial;

3. For an award of pre- and post-judgment interest;

4. For costs and attorney's fees in accordance with prosecuting this action;

5. For the reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;

6. For mental, physical, and emotional pain and suffering experienced and with reasonable probability will be experienced in the future; and

7. Any other relief deemed just and equitable by the Court.

. . .

. . .

## VI.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action.

Dated this 11th day of September, 2020.

           KAPLAN COTTNER

By: /s/ Kory L. Kaplan
    KORY L. KAPLAN, ESQ.
    Nevada Bar No. 13164
    KYLE P. COTTNER
    Nevada Bar No. 12722
    850 E. Bonneville Ave.
    Las Vegas, Nevada 89101
    *Attorneys for Plaintiff*